McKinney, JT.,
delivered the opinion of the court.
The only question in this case is, whether or not a sufficient foundation was laid for the reception of secondary evidence of the execution of the hill of sale exhibited in the- record. The instrument purports to have been attested by two witnesses; Neither of the attesting witnesses was called to prove the execution of the instrument. Other witnesses were called, by whom the hand-writing of the attesting witnesses, and of the maker of the instrument, was satisfactorily >proved. To excuse the absence of the attesting witnesses, it was proved, that one of said witnesses “is now in New Orleans,” and the other “is now in Wisconsin.” The circuit judge was of opinion, that upon this proof, secondary evidence of the execution of the instrument waB admissible, to which opinion, the counsel of the plaintiff in error excepted.
No question, we think, can be made in regard to the proper force and meaning of the language employed in the bill of exceptions, and quoted above. It is said that the words used were intended to communicate the idea of a change of domicil or residence, previously to the trial, (as was really the fact) and that the expression may fairly be so understood. Judicially, we can know nothing in respect to the fact, except so far as is disclosed in the proof, and understanding the language according to its obvious import, we think it repels the idea of a change of ' residence, and establishes nothing more than a temporary absence beyond the limits of this State. This being assumed, the question is, was *612 this sufficient ground, for the introduction of secondary evidence.
We have no statutory rule, in this State, applicable 'to the present case. The act of 1789, ch. 23, and of 1831, ch. 9, § 10, apply, the former to the probate of •wills, and the latter to the probate and registration of deeds.
The general rule of the common law in respect to the proof of private writings, is, that where an instrument is attested by a subscribing witness, such witness must be called to prove its execution, if he can be produced, and is competent to be examined. See Phill. on Ev., 464, (Cowen & Hill’s ed., 1843.) 1 Starlde’s Ev., 330. This rule is understood to apply to all written instruments which are attested by witnesses, whether under seal or not. lb., 465. 1 Greenleaf’s Ev. § 569.
Where there are several attesting witnesses, it is sufficient in point of law, to call only one of them. 1 Starlde’s Ev., 334. 1 Greenleaf’s Ev., § 575. Proof of the handwriting of the attesting witness, is evidence of the execution of the instrument by the party; the sealing and delivery will be presumed: and it seems not to be necessary to prove, in addition, the handwriting of the party, unless it should become necessary, as is sometimes the case, to establish the identity of the party; that is, that the party who executed the instrument, is the party to the suit, or the party sought to be charged. 1 Phill. 474-5.
The ancient rule was, that the subscribing witness, if living, must be called to prove the execution of a deed. Com. Dig. Ev. B., 3. But this rule has been ¡.much modified in modern practice: It is now well set- *613 tied, that if the subscribing witness cannot be produced, or is disqualified to be examined, resort may be bad to secondary evidence. Among other instances in which this is admissible, are the cases where the subscribing witness is absent in a foreign country; or beyond the jurisdiction of the court, so as not to be subject to the service of process; or where, though within the jurisdiction of the court, he cannot be found after strict and diligent enquiry. 1 Phill. 4/13. 1 Greenleaf, § 572, m.
In the application of the principle of the exceptions, some diversity of judicial opinion will be found to exist, both in the courts of England and America. ISTo uniform, definite rule can be extracted from the cases; and perhaps it will be found impracticable to attempt to lay down an infallible rule for all cases, as each case must depend, in some degree, upon its own peculiar circumstances. According to some of the cases it would seem, that in order to admit secondary evidence of the execution of the instrument, it must appear that the subscribing witness had permanently removed, or was domiciled beyond the jurisdiction of the court; on the other hand, it is held to be unimportant, whether the absence of the witness be permanent or temporary; that it is sufficient to let in secondary evidence, that the witness, at the time of the trial, is out of the reach of the process of the court. The rule most generally approved in the American courts, so far as the examination of the cases has extended, is, that the absence of the subscribing witness beyond the jurisdiction at the time of the trial, for a temporary purpose, where the return of the witness within a limited time *614 is reasonably certain, is not a sufficient ground for the introduction of secondary evidence; that to render this admissible, it must be shown that the witness is a nonresident. This, we think, is the more correct and general rule, and it was incidentally recognized by this court in the case of Crockett vs. Crockett, Meigs’ Rep., 95, 97.
The general rule requiring the production of the attesting witness, in person, is one of importance, and ought not to be relaxed farther than is necessary. He may be in the possession of facts, which cannot be •otherwise proved, affecting the consideration of the instrument, or respecting the circumstances of its execution, of the utmost importance to one or other of the parties; and if the rule were established, that the mere absence of the witness beyond the process of the court, was a sufficient foundation for the admission of proof of his handwriting, it is obvious, that 'in this country, it might lead to abuse and most mischievous consequences, by inducing the witness to absent himself, for a time, across the line of the State.
We do not mean to be understood, however, as laying it down as an inflexible rule in all cases, that a change of residence or domicil is necessary to warrant the admission of secondary evidence. Although this fact may not be established, or be left doubtful, yet if the absence has been for a considerable length of time, and there can be no reason to suspect collusion, and all reasonable diligence has been used to procure the attendance of the witness; it ■ would seem unreasonable to hold that secondary evidence might not be resorted to such a case. Wé think it might, and for the same *615 reason, that although the witness actually he within the jurisdiction, yet if, after diligent enquiry, he cannot be found, secondary evidence is admissible.
The. result is, in this case before us, that the secondary evidence was improperly admitted; and upon this ground the judgment must be reversed.